**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **MATTHEW HUFF** | ) | |
| 122 Lynnview Dr. | : | Case No. <u>1:24-cv-150</u> |
| Mason, Ohio 45040 | ) | |
| | : | |
| Plaintiff | ) | |
| | : | |
| vs. | ) | |
| | : | |
| **CEDAR FAIR, L.P. (KINGS ISLAND)** | ) | |
| | : | |
| <u>Serve</u>: | ) | |
| | : | |
| Brian Nurse, Chief Legal Counsel | ) | |
| One Cedar Point Drive | : | |
| Sandusky, Ohio 44870 | ) | **COMPLAINT AND JURY DEMAND** |
| | : | |
| Defendant | ) | |
| | : | |
| | ) | |

For his Complaint against Defendant Cedar Point, L.P. (Kings Island)., Plaintiff Matthew Huff states as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Matthew Huff ("Huff") is an individual who resides in Hamilton County, Ohio. At all relevant times, he was an employee of Defendant Cedar Point, L.P (Kings Island) within the meaning of 42 U.S.C. § 12111(4) and Ohio Rev. Code § 4112.01.

2. Defendant Cedar Point, L.P. (Kings Island) (hereinafter "Kings Island") is a Deleware Limited Partnership with its business mailing address in Sandusky, Ohio. Kings Island owns and operates the well-known Kings Island Amusement and Water Park in Warren County, Ohio. Kings Island is a "covered entity" within the meaning of 42 U.S.C. § 12111(2) and an "employer" within the meaning of 42 U.S.C § 12111(5) and Ohio Rev. Code § 4112(A)(2).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action presents federal questions arising under the Americans with Disabilities Act, 42 U.S.C. § 12102, *et seq*. This Court also has jurisdiction over this matter under 28 U.S.C. § 1343(a)(4) because this action seeks to recover damages under an Act of Congress providing for the protection of civil rights.

4. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a) because the state law claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events from which this action arose all occurred in this district and all defendants reside in this district.

## STATEMENT OF FACTS

6. Kings Island hired Huff as a seasonal Food and Beverage Beer Pourer during the 2020 and 2021 seasons. Mr. Huff performed well and without problems or indident in 2020, 2021, and into the 2022 season. At all times during his service to Kings Island, he was a good and faithful employee and was qualified for the position he held.

7. Huff had a visual impairment, of which Kings Island was aware. He walked with a walking stick, and he used his own magnifying glass at work to see the small print on the customer bills he entered into the computer.

8. In July 2022, Mr. Huff accidentally entered $2.77 for a customer tip that was actually hand-written by the customer as $2.00. Kings Island wrote up Mr. Huff for this incident and told him it considered his behavior to be theft. Mr. Huff was told he was being terminated for the violation.

9. After Mr. Huff protested, the company agreed to retract the termination decision and it held a meeting with Mr. Huff and his father. At this meeting Mr. Huff told Kings Island that the incorrect entry of the tip amount was not intentional, that he had trouble seeing the small print on the invoices and on the small, waist-high computer screen he had to work with, and that he needed a reasonable accommodation to assist him in seeing the small print and writing he had to read and to enter accurate information into the computer.

10. At this July 2022 meeting, Mr. Huff asked the company to consider at least three separate accommodations that would help him do his job. He asked specifically that he be provided a larger computer screen so that the numbers he had to read and enter were more visible to him; that he be provided better lighting around his work station to make is easier for him to read the small numbers on the customer bills he needed to read and decipher; and that he be permitted to wait until a lull in business, a break, or the end of the day to enter the tips into the computer, rather than having to hurriedly enter the information into the computer while the customers waited in line to be served, to permit him sufficient time to read, enter, and insure the accuracy of the tip information he entered.

11. Kings Island responded that it would look into Mr. Huff's requested accommodations. However, no one ever got back to Mr. Huff to discuss his requested accommodations, or to otherwise enter into the interactive process to determine and implement reasonable accommodations for Mr. Huff. None of his requested accommodations were ever implemented.

12. Mr. Huff worked the rest of the summer without incident. However, on September 30, 2022, Kings Island accused Mr. Huff of once again entering incorrect information

about customer tips into the computer. It accused Mr. Huff of entering a tip of $1.00 on a customer bill on which the customer had hand-written 0.00 on the tip line.

13. Kings Island terminated Mr. Huff's employment, allegedly as a result of the September 30, 2022 mis-entry of a tip amount.

14. On or about February 15, 2023, Mr. Huff filed a charge of discrimination with the United States Equal Employment Opportunity Commission that charged that Kings Island unlawfully terminated his employment in violation of the Americans with Disabilities Act. On December 21, 2023, the EEOC issued Mr. Huff a Determination and Notice of Rights, which is attached hereto as Exhibit A.

## COUNT I
**(Violation of the Americans with Disabilities Act)**

15. Plaintiff incorporates by reference, as if fully rewritten herein, paragraphs 1 through 14 of this Complaint.

16. Mr. Huff suffers from a physical impairment that substantially limits major life activities, including his ability to see.

17. Kings Island had knowledge of Mr. Huff's disability.

18. Mr. Huff is a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8).

19. By refusing to provide a reasonable accommodation to Mr. Huff, and by terminating his employment when he was able and willing to work, with a reasonable accommodation, Kings Island unlawfully discriminated against Mr. Huff because of a disability in violation of the American With Disabilities Act, 42. U.S.C. § 12101 *et seq.*, and specifically 42 U.S.C. § 12112.

20. The unlawful discrimination by Kings Island caused injury to Mr. Huff, entitling him to recover damages from Kings Island.

## COUNT II
### (Disability Discrimination under Ohio Rev. Code § 4112.02(A))

21. Plaintiff incorporates by reference, as if fully rewritten herein, paragraphs 1 through 20 of this Complaint.

22. Mr. Huff suffers from a physical impairment that substantially limits major life activities, including his ability to see.

23. Kings Island had knowledge of Mr. Huff's disability

24. .By refusing to provide a reasonable accommodation to Mr. Huff, and by terminating his employment when he was able and willing to work, with a reasonable accommodation, Kings Island unlawfully discriminated against Mr. Huff because of a disability in violation of Ohio Rev. Code § 4112.02(A).

25. Kings Island caused injury to Mr. Huff by unlawfully discriminating against him, entitling him to recover damages from Kings Island.

**WHEREFORE**, Plaintiff Matthew Huff demands judgment on all claims as follows:

1. An award of back pay in the amount that Matthew Huff would have earned from the date of his wrongful termination until the date of judgment, as well as losses from other benefits, and all related losses, with interest;

2. An order that Matthew Huff be reinstated in his position at Kings Island;

3. An award of front pay if it is determined that reinstatement is not practical or advisable;

4. An award of compensatory damages against Kings Island for all damages Matthew Huff has suffered as a result of Kings Island's wrongful actions, in an amount to be proven at trial;

5. An award of punitive damages;

6. An award of attorney's fees, including litigation expenses and the costs of this action; and

7. All other relief to which he may be entitled.

## JURY DEMAND

Plaintiff, by and through counsel, demands a trial by jury of all issues within this action.

Respectfully submitted,

/s/ Robert A. Klingler
Robert A. Klingler (0031603)
895 Central Ave. Suite 300
Cincinnati, OH  45202
Telephone:  (513) 665-9500
Facsimile:  (513) 621-3240
Email:  rak@klinglerlaw.com
Trial Attorney for Plaintiff